**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nannette Lynn Blessing, | No. CV-19-08148-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff Nannette Lynn Blessing's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act ("EAJA"). (Doc. 26.) For the following reasons, the Court grants Plaintiff's Motion and awards $11,520.90 in attorney's fees.

**I.   BACKGROUND**

On August 17, 2020, the Court reversed the June 14, 2018 decision of the Administrative Law Judge ("ALJ") and remanded for further consideration of Plaintiff's Application for Disability Insurance Benefits. (Doc. 24.) Judgment was entered on the same day. (Doc. 25.) On November 16, 2020, Plaintiff filed the pending Motion for Award of Attorney Fees and Memorandum in support thereof. (Docs. 26, 27.) Plaintiff's counsel seeks attorney's fees in the amount of $11,520.90.[1] Defendant Commissioner of Social Security Administration (the "Commissioner") opposes the granting of fees, and, should

---

[1] Plaintiff's motion sought $10,073.51 in attorney's fees. (Doc. 26 at 2.) The reply in support of Plaintiff's motion amended that amount to $11,520.90 based on the additional hours spent to complete the pending briefing. (Doc. 31 at 11.)

the Court grant Plaintiff's motion, the amount requested. (Doc. 28.)

## II.     LEGAL STANDARD

In any civil action brought by or against the United States, except those sounding in tort, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The position of the United States, under the EAJA, "includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The underlying agency action is "the agency decision on review" before the Court. *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013). It is the government's burden "to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)).

To meet the substantial justification standard, the government's position must have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Just because "the government lost . . . does not raise a presumption that its position was not substantially justified." *Ibrahim v. U.S. Dpt. of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019) (citing *Edwards v. McMahon*, 834 F.2d 796, 802 (9th Cir. 1987)).[2] Instead, a court may "properly look to decisions of the ALJ to determine whether the government's position in the underlying agency action was substantially justified." *Meier*, 727 F.3d at 872. Furthermore, the nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995). If the government chooses to defend the "fundamental procedural errors" of the ALJ—such as "fail[ing] to provide clear and convincing reasons for discrediting [Plaintiff's] subjective

---

[2] That said, the Ninth Circuit has noted that it would take "a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable . . . evidence in the record." *Campbell*, 736 F.3d at 868 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)).

- 2 -

complaints"—that decision cannot be said to be substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008).

### III. DISCUSSION

Plaintiff was the prevailing party for purposes of the EAJA because she obtained a Court order remanding the case to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). The Court will therefore grant Plaintiff's Motion for Award of Attorney's Fees unless the Commissioner can show that the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A).

#### A. Substantial Justification

The underlying agency action in the present matter, the ALJ decision, was not substantially justified. While the Court found no error in the ALJ's assignment of weight regarding testimony of the treating physicians, it remanded due to the ALJ's error in rejecting Plaintiff's symptom testimony. (Doc. 24 at 4–9.) By not "provid[ing] specific, clear, and convincing reasons for rejecting Plaintiff's testimony," the ALJ committed a fundamental procedural error. (Doc. 24 at 9); *see also Shafer*, 517 F.3d at 1071–72. To properly discredit Plaintiff's subjective symptom testimony, the ALJ needed to do more than make "'[g]eneral findings.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).[3] Because the ALJ did not adhere to established Ninth Circuit precedent by offering only "a general conclusory finding of inconsistency with the record," the rejection of Plaintiff's symptom testimony constituted a fundamental procedural error. (Doc. 24 at 9); *Shafer*, 518 F.3d at 1072. Therefore, the government was not substantially justified in the underlying agency action. *Meier*, 727 F.3d at 872 (finding the underlying agency action was not substantially justified because, in part, "the ALJ failed to offer clear and convincing reasons . . . for discounting [the plaintiff's] subjective pain testimony").

Because the government failed to meet its burden of showing that the underlying

---

[3] The ALJ discredited Plaintiff's testimony "because it was inconsistent with the medical record as a whole." (Doc. 24 at 9.) The Court noted it is an "error to reject symptom testimony solely because it is not fully corroborated by the medical evidence." (*Id.*)

- 3 -

agency action was substantially justified, the Court "need not address whether the government's litigation position was justified." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier*, 727 F.3d at 872). Nonetheless, even were the underlying agency action substantially justified, the government's litigation position was not substantially justified because of its defense of a fundamental procedural error. As noted, the ALJ did not meet the requisite legal standards in rejecting Plaintiff's symptom testimony. By proffering only general findings—and not the required "specific, clear, and convincing reasons"—the ALJ improperly discredited Plaintiff's testimony. This constitutes a fundamental procedural error. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160–61 (2008). Therefore, although the Commissioner is correct to note that the test for substantial justification "is one of reasonableness," (Doc. 28, at 2), the government's position in defending a fundamental procedural error cannot satisfy the reasonable person standard. *See, e.g.*, *Nelson v. Comm'r of Soc. Sec. Admin.*, No. CV 19-0250-TUC-LAB, 2020 WL 4583630, at *2 (D. Ariz. Aug. 10, 2020) (determining that because "the proper legal standards" were not applied by the ALJ, "the Commissioner was not substantially justified in defending the ALJ's errors") (citation omitted)). The Commissioner has therefore not shown that the government's litigation position was substantially justified. *See Shafer*, 517 F.3d at 1072.

### B. Reasonable Fees

Because the Commissioner does not allege any "special circumstances [to] make an award unjust," Plaintiff, as a prevailing party, is entitled to reasonable fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts generally provide deference to the "winning lawyer's professional judgment." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation marks omitted).

Plaintiff requests $11,520.90 in attorney's fees for 55.8 hours of legal services rendered. (Doc. 27-2; Doc. 31.) In response, the Commissioner argues that the Court should reduce Plaintiff's original fee request by $4,222.55 to account for unreasonable billing.

(Doc. 28 at 1.) The Commissioner specifically questions the number of hours expended in drafting the Complaint (*id.* at 5–9), in drafting and reviewing the opening brief (*id.* at 9–12), and in reviewing filed documents. (*Id.* at 13.) In support of its position, the Commissioner argues that the time drafting the Complaint was excessive, as many courts provide resources for simple pro se or pro-forma complaints. (*Id.* at 6–8.) The Commissioner also argues that the use of boilerplate language constituted additionally unreasonable and excessive hours. (*Id.* at 9–12.) Finally, the Commissioner argues that any fees requested by Plaintiff in drafting a reply brief should not be permitted. (*Id.* at 14.)

The Court is not persuaded that a fee reduction is warranted in this matter. While the Commissioner contends that the Complaint could have resembled a pro se or pro-forma complaint, it does not cite authority requiring as much. In fact, this Court has indicated that even if the "complaint is longer and more detailed" than the common complaint, it may nonetheless be reasonable when the "request is not significantly larger than those submitted by other practitioners in this area." *Garcia v. Comm'r of Soc. Sec. Admin.*, No. CIV 18-504-TUC-LAB, 2019 WL 4673335, at *2 (D. Ariz. Sept. 25, 2019). Here, the amount requested is not unreasonable. *See, e.g.*, *Fetters v. Commissioner of Soc. Sec. Admin.*, No. CV-18-08356-PCT-MTL, 2020 WL 5544371, at *2–3 (D. Ariz. Sept. 16, 2020) (awarding $10,267.34 in attorney's fees under the EAJA for 50.1 hours); *Nelson*, 2020 WL 4583630, at *2, *6 (awarding $11,247.71 in attorney's fees under the EAJA for 54.8 hours).

As for the claimed use of boilerplate language, the Ninth Circuit has "recognized that sometimes 'the vicissitudes of the litigation process' will require lawyers to duplicate tasks." *Costa*, 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008)). Because it is expected that "*some* degree of duplication" will occur, a facial allegation of redundancy does not demonstrate that such hours were unreasonably excessive. *Moreno*, 534 F.3d at 1112 (emphasis in original). Finally, "[t]he Ninth Circuit permits [the award of] so called 'fees-on-fees'"—that is, for fees accrued in connection with a motion for attorney's fees. *Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1112 (D. Mont. 2019) (citing *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995)).

Mindful of the general precept that the "request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437, the Court awards Plaintiff's requested fees. Having reviewed Plaintiff's Attorney Itemization of Services, (Doc. 27-2), and finding the amount of hours to be reasonable, the Court grants Plaintiff's Motion for Attorney's Fees under the EAJA in the amount of $11,520.90. Pursuant to Plaintiff's fee agreement (Doc. 27-1), the fees awarded under the EAJA will be made payable to Plaintiff's counsel, so long as Plaintiff does not owe debt to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 26).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $11,520.90 in attorney's fees.

**IT IS FINALLY ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti–Assignment Act, 31 U.S.C. § 3727(b), the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney. *See Astrue*, 560 U.S. at 589.

Dated this 19th day of February, 2021.

Michael T. Liburdi
United States District Judge